STATE OF WEST VIRGINIA

*v.*

FREDERICK DOLAN WHITING

(No. 13829)

Decided March 18, 1980.

*Richard H. Brumbaugh* for P. E.

*Chauncey H. Browning*, Attorney General, *Gray Silver, III*, Assistant Attorney General, for D. E.

PER CURIAM:

This appeal was docketed on January 31, 1977 and came on for final argument on February 26, 1980. It is an appeal by Frederick Dolan Whiting from his conviction of breaking and entering in the Circuit Court of Roane County and subsequent sentence of one to ten years in the penitentiary. Six errors by the trial court are alleged, but we address only one and reverse the case on that point.

State's Instruction No. 1 was given as follows:

"The Court instructs the jury that if you believe from the evidence in this case beyond a reasonable doubt that the defendant, Frederick Dolan Whiting, along with Jeff J. Vandale, Jr. and Oris Leroy Donahue, broke and entered the building of Ann Arthur, as charged in the indictment in this case, with intent to commit any larceny therein, then you should find him guilty as charged in the indictment in this case. In this connection you are further instructed that if you believe from the evidence beyond a reasonable doubt that he, the said Frederick Dolan Whiting, along with Jeff J. Vandale, Jr. and Oris Leroy Donahue, did break and enter the said building and did commit larceny therein of goods and property described in the indictment in this case and that such goods were then and there the property of Ann Arthur, of any value whatsoever, then the said defendant Frederick Dolan Whiting is presumed to have entered with the intent to commit larceny."

The petitioner argues that the instruction improperly shifts the burden of proof to the defendant, contrary to Syllabus Pt. 4, of *State v. Pendry*, ____ W.Va. ____, 227 S.E.2d 210 (1976). In that syllabus point we said:

"In a criminal prosecution, the State is required to prove beyond a reasonable doubt every material element of the crime with which the defendant is charged, and it is error for the court to instruct the jury in such a manner as to re-

quire it to accept a presumption as proof beyond a reasonable doubt of any material element of the crime with which the defendant is charged or as requiring the defendant either to introduce evidence to rebut the presumption or to carry the burden of proving the contrary."

The State confesses that the instruction given in the case before us does not comply with the law as stated in this syllabus point. We agree.

The relevant portion of the instruction found in the second sentence thereof should have read:

If you believe from the evidence in this case beyond a reasonable doubt that the defendant, Frederick Dolan Whiting, along with Jeff J. Vandale, Jr., and Oris Leroy Donahue, entered a building and then and there committed larceny therein of goods and chattels of any value whatsoever, then you may infer, but need not infer, that the defendant, Frederick Dolan Whiting, intended to commit a larceny.

For the foregoing reasons, we reverse the final judgment, set aside the verdict and remand the case for a new trial.

*Reversed and remanded.*